IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT ALEXANDER,

Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS,

Defendant.

OPINION and ORDER

26-cv-59-jdp

---

Robert Alexander, proceeding without counsel, alleges that the Wisconsin Department of Corrections is violating the Rehabilitation Act by refusing to communicate with him in writing to accommodate his inability to hear and speak. Alexander has asked this court numerous times for a preliminary injunction ordering prison officials to communicate with him in writing. *See* Dkt. 7; Dkt. 13; Dkt. 15; Dkt. 18; Dkt. 46. I denied those initial motions, and denied his later motion for reconsideration, because the DOC's submissions showed that Alexander has refused to undertake necessary medical testing to confirm his hearing loss. Dkt. 45 and Dkt. 49. Now, Alexander moves for two things (1) an evidentiary hearing; and (2) leave to file an interlocutory appeal with the Seventh Circuit Court of Appeals.

First, Alexander frames his motion as a request for an evidentiary hearing, but he does not identify the issue he is requesting a hearing on. I take Alexander to be requesting a hearing on the issue of the preliminary injunction request. I will deny Alexander's request because I have already denied his motion to reconsider and because Alexander does not provide any evidence that he has consented to the medical testing necessary to confirm his disability. Without that evidence, a hearing would be fruitless.

Second, Alexander contends that the decision to deny his preliminary junction was in error. He doesn't formally call his filing a notice of appeal, but I will construe it as a notice of appeal from the October 16, 2026, order denying his motion for reconsideration. Dkt. 49. Under 28 U.S.C. § 1292(a)(1), parties may file an interlocutory appeal of an order "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." Because he is permitted to appeal by statute, I do not need to give Alexander leave to appeal.

But the issue of the appellate filing fee remains. Alexander has not explicitly requested to proceed in forma pauperis, but he has contemporaneously filed a trust fund account statement with his motion, Dkt. 53, which I will construe as a motion to appeal in forma pauperis. To proceed in forma pauperis on appeal, the plaintiff must demonstrate that he is indigent, and that he is taking the appeal in good faith. § 1915(a)(3). An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Alexander qualifies from a financial perspective, but I conclude that his appeal is not taken in good faith. Each time that Alexander has requested preliminary injunctive relief, I have denied it because Alexander refuses to undertake the necessary testing to medically document his disability. No reasonable person could conclude the denial was incorrect because Alexander continues to refuse to take the testing that would provide the evidence necessary for an injunction and has instead elected to appeal the order.

That means that Alexander cannot proceed with this appeal without prepaying the $605 filing fee unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, Alexander has 30 days from the date of this order to ask the court

of appeals to review this order. Alexander must include with his motion proof of his indigency and a copy of this order.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Earl Alexander's motion for an evidentiary hearing, Dkt. 54 is DENIED.

2. Plaintiff Robert Earl Alexander's motion to proceed *in forma pauperis*, Dkt. 53 and Dkt. 54, is DENIED because the appeal is not taken in good faith.

Entered November 18, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge